F I L E D
United States Court of Appeals
Tenth Circuit

APR 7 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN ELDON REINHOLD,

     Petitioner-Appellant,

v.

MARK McKINNA, Warden and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

     Respondents-Appellees.

No. 99-1559
(District of Colorado)
(D.C. No. 99-Z-1355)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on John Reinhold's *pro se* application for a certificate of appealability ("COA"). Reinhold seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2241 petition. In his petition, Reinhold asserted that his transfer from a state-operated prison in Wyoming to a private prison in Colorado violated his rights under the United States Constitution and was at odds with Wyoming and Colorado law.[1] In a case raising identical issues to those raised here, this court recently held as follows: (1) claims of state law violations relating to transfers such as those at issue here are not cognizable in a federal habeas corpus action and, in any event Wyoming and Colorado law specifically provide for such transfers; and (2) the Constitution does not prohibit a state from confining a convicted prisoner in a private prison rather than a state owned facility, regardless of the location of that private prison; and (3) state prisoners proceeding pursuant to § 2241 must obtain a COA in order to appeal the

---

[1]After he had already filed his § 2241 petition, Reinhold filed a 28 U.S.C. § 2254 petition which reasserted the transfer claim and raised an ineffective assistance of counsel claim. The district court dismissed the ineffective assistance of counsel claim on exhaustion grounds and dealt with the transfer claim in resolving Reinhold's § 2241 petition. In Reinhold's "Motion for Issuance of Certificate of Probable Cause for Appeal," which the district court treated as a request for a COA, he indicated that he was withdrawing the § 2254 petition and did not seek to raise any issues on appeal relating to that petition. Reinhold's application for a COA and brief on appeal are limited to the transfer claim. Accordingly, the district court's treatment of Reinhold's § 2254 petition is not before this court.

denial of relief by the district court.  *See Montez v. McKinna*, No. 99-1347, slip op. at 5, 6, 11 (10th Cir. April 3, 2000).

*Montez* is dispositive of Reinhold's claims.  Accordingly, this court **DENIES** Reinhold's request for a COA and **DISMISSES** this appeal.[2]

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

---

[2]  Appellant's *Motion for Leave to Proceed In Forma Pauperis* is denied.